UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ALLEN,<br><br>        Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF STATE HOSPITALS (DSH) - COALINGA, et al.,<br><br>        Defendants. | 1:16-cv-01329-AWI-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION TO REMAND BE GRANTED (ECF NO. 5)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

**I.    BACKGROUND**

This is a civil action filed by David Allen ("Plaintiff"), a pretrial detainee proceeding *pro se*. This action was initiated by a civil complaint filed by Plaintiff in Fresno County Superior Court on February 16, 2016 (Case Number 16CECL01328). (ECF No. 2, p. 6). Plaintiff filed an amended complaint on June 20, 2016. (Id. at p. 58). On September 6, 2016, defendants State of California, Audrey King, Department of State Hospitals, and Department of State Hospitals-Coalinga State Hospital removed the case to federal court by filing a Notice of Removal of Action under 28 U.S.C. § 1441. (Id. at p. 1).

On September 29, 2016, Plaintiff filed a motion to remand the case to state court. (ECF No. 5). On October 14, 2016, defendants Audrey King, Department of State Hospitals, and the State of California ("Defendants") filed an opposition to the motion. (ECF No. 7). On November 10, 2016, Plaintiff filed a reply. (ECF No. 8).

## II.     REMOVAL AND REMAND

Under 28 U.S.C. § 1441(a), a defendant may remove from state court any action "of which the district courts of the United States have original jurisdiction…." 28 U.S.C. § 1441(a). District courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal of an action under 28 U.S.C. § 1441(a) depends solely on the nature of the plaintiff's complaint, and a case is properly removed only if "a right or immunity created by the Constitution or laws of the United States [constitutes] an element, and an essential one, of the plaintiff's cause of action." Gully v. First National Bank in Meridian, 299 U.S. 109, 112 (1936).

The plaintiff is the master of his or her own complaint and is free to ignore the federal cause of action and rest a claim solely on a state cause of action. Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (quotations and citation omitted). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc., v. Williams, 482 U.S. 386, 392 (1987). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Id.

28 U.S.C. § 1446 lays out the procedure for removal of civil actions. "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1). "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). "Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal." Section 1446(b)(2)(B). "If defendants are served at different times, and a later-served

defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." Section 1446(b)(2)(C).

While "[t]he statutory time limit for removal petitions is merely a formal and modal requirement and is not jurisdictional," "the time limit is mandatory and a timely objection to a late petition will defeat removal…." Fristoe v. Reynolds Metals Co., 615 F.2d 1209, 1212 (9th Cir. 1980) (per curiam); Smith v. Mylan Inc., 761 F.3d 1042, 1045 (9th Cir. 2014); Kuxhausen v. BMW Fin. Servs. NA LLC, 707 F.3d 1136, 1142 n. 4 (9th Cir. 2013). Cf. Hernandez v. Six Flags Magic Mountain, Inc., 688 F. Supp. 560, 562 (C.D. Cal. 1988) (holding that in certain circumstances a court may deny a motion to remand even though the petition for removal was filed after the 30-day deadline).

Because of the "Congressional purpose to restrict the jurisdiction of the federal courts on removal," the removal statute is strictly construed against removal. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109 (1941); Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009). "At the core of the federal judicial system is the principle that the federal courts are courts of limited jurisdiction." Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979).

A plaintiff objecting to the removal may file a motion asking the district court to remand the case to state court. Caterpillar, Inc. v. Lewis, 519 U.S. 61, 69 (1996). "The burden of establishing federal jurisdiction falls on the party invoking removal." Harris v. Provident Life and Accident Ins. Co., 26 F.3d 930, 932 (9th Cir.1994) (quoting Gould v. Mut. Life Ins. Co. of New York, 790 F.2d 769, 771 (9th Cir.1986)) (overruled on other grounds by Leeson v. Transamerica Disability Income Plan, 671 F.3d 969 (9th Cir. 2012)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Courts "must consider whether federal jurisdiction exists, even if no objection is made to removal, and even if both parties stipulate to federal jurisdiction." Rains v. Criterion Systems, Inc., 80 F.3d 339, 342 (9th Cir. 1996) (internal citations omitted).

### III. PLAINTIFF'S MOTION FOR REMAND

Plaintiff does not dispute that there is federal question at issue in his amended complaint. Instead, Plaintiff "asserts that removal occurred 11 days after the thirty day period for defendant DSH-Coalinga, 5 days after the thirty day period for defendant State of California and 127 days after the thirty day period for defendant State Department of State Hospitals." (ECF No. 5-1, p. 4). Plaintiff does not mention how many days after the 30-day deadline removal occurred as to defendant King.

According to Plaintiff, Plaintiff filed a First Amended Complaint on June 20, 2016. (Id. at p. 2). Defendant Department of State Hospitals was served with the initial complaint on May 24, 2016. (Id.). Defendants Audrey King and the State of California were served with copies of the First Amended Complaint on July 22, 2016, and July 27, 2016, respectively. (Id.). On September 2, 2016, defendants Department of State Hospitals, State of California, and Audrey King removed the case to federal Court. (Id.).

The objecting Defendants[1] admit that they filed their notice of removal five business days after the 30-day deadline even for the most timely defendant. (ECF No. 7, p. 1). According to Defendants, there was a case management conference on August 29, 2016. (Id. at p. 2). Plaintiff informed the court clerk that he had served defendants Pam Ahlin, Audrey King, and Kamala Harris of the State of California. (Id.). The court clerk indicated that her records did not indicate such service, and did not indicate that Ms. Harris was a defendant.[2] (Id.). On August 30, 2016, Defendants' counsel learned from her client that Audrey King had been served on July 22, 2016. (Id.). On that same day, Defendants' counsel learned that the State of California had been served on July 27, 2016. (Id.). While the notice of removal was ready for filing on September 2, 2016, "[d]ue to the upcoming Labor Day weekend and a misunderstanding regarding the timeframe for a filing fee check, there was a delay in the filing of the notice of removal until September 6, 2016." (Id. at p. 3). Defendant argues that the 30-

---

[1] Defendant Department of State Hospitals-Coalinga State Hospital and Pam Ahlin do not appear to have filed opposition to Plaintiff's motion to remand.
[2] According to the Court's docket, Kamela Harris is not a defendant.

day deadline for filing a notice of removal is not jurisdictional, that a court may permit an untimely removal, and that there is no evidence that the delay in filing the notice of removal caused any prejudice to Plaintiff. (Id. at pgs. 2-3).

## IV.    DISCUSSION

The Court will recommend granting Plaintiff's motion to remand. Defendants admit that their notice of removal was filed five business days after the 30-day deadline. While Defendants attempt to explain away the late filing, and state that Plaintiff suffered no prejudice, their reliance on Hernandez and Federal Rule of Civil Procedure 61 is inapposite.

As stated above, "the time limit is mandatory and a timely objection to a late petition will defeat removal…." Fristoe, 615 F.2d at 1212. Defendants have admitted that they missed the 30-day deadline by five business days, and they have not argued that Plaintiff's motion to remand was untimely. Under the Court's understanding of the law, the time limit is mandatory and must be enforced, even absent prejudice to Plaintiff.

Defendants' reliance on Hernandez is misplaced. Even setting aside the fact that Hernandez is a very dated case from another district, the situations are not analogous. While the Hernandez Court did state that it could consider an untimely petition for removal, it also stated that "allowing an untimely petition is clearly the exception and not the rule." 688 F. Supp. at 562. Additionally, the Hernandez Court noted that the defendant "arguably satisfied the thirty day requirement in the statute when it answered the federal complaint within the thirty day period, thereby manifesting its intent to join in the removal. At a minimum, plaintiffs were on notice that defendant's consent [to removal] was forthcoming." Id. The Hernandez Court also noted that "[a]t all times relevant, [the defendant] was ready and willing to consent to removal if and when it was served. In fact, it appears that the confusion over service may have resulted from improper service by plaintiffs on [the defendant's] personnel who were not authorized to receive service." Id. at 563.

In this case, there is no allegation that Defendants satisfied the thirty day requirement by filing an answer that manifested an intent to join in a petition for removal. Additionally, there is no allegation that Plaintiff failed to properly serve either the complaint or the amended

complaint. Accordingly, this case is distinguishable from <u>Hernandez</u>.

Defendants also seem to state that the Court must disregard their error under Federal Rule of Civil Procedure 61 because Plaintiff suffered no prejudice. However, Defendants do not cite to any authority, and the Court is not aware of any authority, that requires the Court to (or even suggests that the Court should) disregard tardy filings under Rule 61.

Accordingly, the Court finds that there was a timely objection to Defendants' late filed notice of removal, and that Plaintiff's motion to remand should be granted.

The Court notes that there may be an issue regarding whether every defendant who has been served consented to removal as required by section 1446(b)(2)(A). However, as the parties did not raise this issue, the Court will not address it at this time.

## V. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, the Court finds that the case should be remanded. Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to remand, filed on September 29, 2016, be GRANTED;
2. This action be remanded to Fresno County Superior Court; and
3. The Clerk of Court be directed to close the case and serve notice of the remand.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections.

\\\
\\\
\\\
\\\

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 28, 2016**                        /s/ Erica P. Grosjean
                                                    UNITED STATES MAGISTRATE JUDGE